■ FRANCES GLICK, Respondent, v CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County, entered June 18, 1975, after a jury trial, whereby it was adjudged that liability was determined in favor of the plaintiff, unanimously reversed, on the law, without costs and disbursements, and the complaint is dismissed. Plaintiff was assaulted on December 17, 1970 in the lady's room of the George Washington High School Annex by John Battle, a 15-year-old student at the school. This particular lady's room was normally locked, keys being issued only to teachers. How the student who committed this assault effected entry is not known. On this record it must be concluded that the defendant Board of Education of the City of New York did not violate any duty to the plaintiff. The amount of protection that may be provided citizens is limited generally by the resources of the community and by a considered legislative and executive decision as to how those resources may be deployed (see *Riss v City of N.Y.,* 22 NY2d 579; *Bass v City of N.Y.,* 38 AD2d, 407, affd 32 NY2d 894; see, also, *Diamond v Board of Educ.,* 12 Misc 2d 47). The internal security measures taken by the school administration consisted of assigning four paraprofessional school aides to guard the main door and patrol various other parts of the building. External security was supervised by the police. The retention of the student at the school prior to the assault, with knowledge of his record of infractions of the school's rules and regulations, is not under the circumstances herein a sufficient basis for affixing liability upon the defendant board. Battle was enrolled in the college-bound program. The board had to retain this student within the school system. Before he could be admitted to a 600 school, there had to be extensive and intensive efforts by the "home" school directed toward the adjustment and therapy of said student. Transfer or suspension is utilized when other remedies fail. The determination to retain Battle in a rehabilitative effort in which the co-operation of Battle's mother was enlisted, rather than to suspend or transfer him to a 600 school, was reasonable under all the

circumstances presented by this record. In the circumstances herein, the complaint is dismissed as a matter of law. Concur—Lupiano, J. P., Birns, Silverman, Lane and Nunez, JJ.