OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the action dismissed.
Plaintiff, an industrial arts teacher at a junior high school, was injured when he was assaulted by one of the students as he sought to break up an altercation in the hallway of the school. Asserted liability of the city was predicated on evidence of unjustified failure fully to have observed a detailed security plan promulgated by the board of education pursuant to section 2801 of the Education Law.* This plan was designed to maintain public order on *863 school property, and among its beneficiaries were students, teachers, staff members, visitors and other licensees and invitees alike.
Plaintiff recognizes, as he must, that absent a special duty owed to him liability for his injuries may not be imposed on the city for its breach of a duty owed generally to persons in the school system and members of the public (Glick v City of New York, 53 AD2d 528, affd 42 NY2d 831; Bass v City of New York, 38 AD2d 407, affd 32 NY2d 894; Riss v City of New York, 22 NY2d 579). It is his contention, however, that a special relationship was created between him and the board of education when the security plan was adopted and that the board breached its special duty of care to him when it failed to enforce its own security rules. He grounds his assertion of special duty, and seeks to distinguish the holding in the Glick case, on the circumstance that as a teacher he was himself an integral component of that plan. Nothing in the adoption or content of the plan warrants a finding that it was designed or intended specially for his benefit or that of other teachers in the school. They stood as its beneficiaries in exactly the same position as students, other personnel in the school system, and members of the public who came on the school property. We reject his contention that because the teachers had a role to play in the implementation of the plan they were somehow thereby converted into its special beneficiaries. Indeed other than reciting the bare fact that as a teacher plaintiff had responsibilities for implementation of the plan, he advances no rationale as to why that fact without more should give rise to the special duty which is a condition precedent to governmental liability.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.

 That section provides:
“Regulation by boards of education of conduct on school district property
“1. The board of education, as defined in section two of this chapter, of every school district, however created, within the state shall adopt rules and regulations for the maintenance of public order on school property and shall provide a program for the enforcement thereof. Such rules and regulations shall govern the conduct of students, teachers and other staff as well as visitors and other licensees and invitees. The penalties for violations of such rules and regulations shall be clearly set forth therein and shall include provisions for the ejection of a violator from the school property and in the case of a student or teacher, his suspension, expulsion or other appropriate discipli *863 nary actions. Such rules and regulations shall be filed with the regents and the commissioner of education not later than ninety days after the effective date of this act. All amendments to such rules and regulations shall be filed with the regents and the commissioner of education not later than ten days after their adoption.
“2. If the board of education fails to file" the rules and regulations within the time required by this section such school district may not be eligible to receive any state aid or assistance until such rules and regulations are duly filed.
“3. Nothing contained in this section is intended nor shall it be construed to limit or restrict the freedom of speech nor peaceful assembly.”