■ MARYANNE PUGLIESE, Appellant, v CITY OF NEW YORK et al., Respondents and Third-Party Plaintiffs. ISS SECURITY SERVICES, INC., Formerly Known as STAR SECURITY SYSTEMS, INC., et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Shaw, J.), entered April 9, 1984, as granted defendants' motion to dismiss the complaint, and (2) a judgment of the same court, dated April 18, 1984, entered thereon.

Appeal from the order dismissed *(see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed.

Respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

"Public entities remain immune from negligence claims arising out of the performance of their governmental functions, including police protection, unless the injured person establishes a special relationship with the entity, which would create a specific duty to protect that individual, and the individual relied on the performance of that duty (see *De Long v County of Erie,* 60 NY2d 296, 304; *Florence v Goldberg,* 44 NY2d 189, 195; *Riss v City of New York,* 22 NY2d 579, 583; *Motyka v City of Amsterdam,* 15 NY2d 134, 139; *Bass v City of New York,* 38 AD2d 407, 413, affd no opn 32 NY2d 894)" *(Miller v State of New York,* 62 NY2d 506, 510).

Clearly, the specific act or omission for which plaintiff seeks to hold defendants accountable, failure to provide effective security forces on a city university campus, involves the performance of what is essentially a governmental function *(see,* Education Law § 6203; *accord, Vitale v City of New York,* 60 NY2d 861). Therefore, absent the existence of a special relationship between defendants and plaintiff, defendants are immune from liability *(cf. Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175; *Motyka v City of Amsterdam,* 15 NY2d 134, *supra).*

Plaintiff having failed to allege sufficient facts in evidentiary form to raise a triable issue of fact as to a special relationship between herself and defendants, as well as her reliance on such a relationship, the complaint was properly dismissed *(cf. Miller v State of New York, supra; De Long v County of Erie,* 60 NY2d 296, *supra).* O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.