■ FRANCES FERRARA et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated May 14, 1984, which, upon setting aside a jury verdict in their favor on the issue of liability and granting defendant's motion for judgment in its favor, dismissed the complaint.

Judgment affirmed, with costs.

Frances Ferrara, a Board of Education employee, seeks to recover damages for personal injuries sustained as a result of an assault by an intruder in her office at Public School 63 in Ozone Park, Queens. Defendant cannot be held liable for the injuries sustained by plaintiff Frances Ferrara in this matter absent a showing that it owed a special duty to her *(see, e.g., Vitale v City of New York,* 60 NY2d 861, *rearg denied* 61 NY2d 759; *Glick v City of New York,* 53 AD2d 528, *affd* 42 NY2d 831). There is ample support in the record for Trial Term's determination that there was no demonstration that the stationing of a security guard at the school's entrance was intended specifically for her benefit or that it established the existence of a special duty on the part of defendant for her protection *(see, Miller v State of New York,* 62 NY2d 506, 510; *Vitale v City of New York, supra; Corcoran v Community School Dist. 17,* 114 AD2d 835; *Anilyan v Board of Educ.,* 115 AD2d 515). Furthermore, plaintiffs' failure to present any evidence of prior criminal acts in the building and the absence of reasonable steps taken by defendant to minimize the foreseeable danger was fatal to their claim *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519).

We have reviewed plaintiffs' remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.