■ BURTON BLOOM et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Monteleone, J.), dated February 11, 1985, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Order reversed, with costs, and motion denied.

According to the papers submitted on this motion, the plaintiff Burton Bloom (hereinafter Bloom) was a teacher assigned to cafeteria duty at Junior High School 294 on December 2, 1981. Two security guards were also assigned to cafeteria duty.

While on duty, Bloom observed what he thought to be an impending fight between two students. He spoke to one of the security guards and asked her to assist him. The guard then accompanied Bloom to the scene of the confrontation. A fight between the students ensued and Bloom intervened. However, the security guard stood by and took no action as Bloom was assaulted by one of the students.

The plaintiffs then instituted this suit to recover damages, inter alia, for the personal injuries that Bloom allegedly suffered as a result of this incident. The defendants moved to dismiss the plaintiffs' complaint for failure to state a cause of action, or, in the alternative, for summary judgment.

Special Term granted the defendants' motion to dismiss the complaint, finding that no special duty was owed to Bloom, and therefore, no liability could be imposed on the defendants.

Although a municipality owes a general duty of protection to the public as a whole, there is no special duty to provide police protection to a particular individual, as such, unless that individual established a special relationship with the entity (see, Pugliese v City of New York, 115 AD2d 465).

"One way in which a special duty can arise is by a municipality assuming an obligation to protect a specific class of persons from a specific danger, which protection is relied upon by members of that class. This was the situation in the case of

*Florence v Goldberg* (44 NY2d 189), wherein the municipality was held liable for injuries to a child who had been struck by a taxicab due to its failure to provide a crossing guard in violation of the applicable police department regulations. Municipal liability can also occur when there is a direct relationship between the plaintiff and the governmental body, as where the government assumes an obligation to protect a specific individual from a specific danger *(see, De Long v County of Erie,* 60 NY2d 296; *Smullen v City of New York,* 28 NY2d 66; *Zibbon v Town of Cheektowaga,* 51 AD2d 448, *appeal dismissed* 39 NY2d 1056).* In those cases, liability has been imposed based on the failure to perform an assumed obligation where the municipalities' assurances of protection actively worked an injury upon an individual who had relied upon them. In *De Long v County of Erie (supra),* for example, the plaintiff's decedent was murdered by an intruder after she had dialed 911 and was advised to remain in her home and to await a police rescue.

"What is common to all of the above cases is that there was a relationship between the municipality and the class or the individual involved, as well as an element of reliance by that class or individual upon the promised governmental action or protection" *(Browne v Town of Hempstead,* 110 AD2d 102, 105-106, *appeal dismissed* 67 NY2d 647).

It is well established and the plaintiffs concede that the defendants did not owe Bloom a special duty of protection because of his status as a teacher-employee and the existence of a general security plan *(see, Vitale v City of New York,* 60 NY2d 861, *rearg denied* 61 NY2d 759).* Nevertheless, it would seem clear that if the security guard agreed to accompany Bloom to the scene of the confrontation and provide assistance, and Bloom relied upon such anticipated support, a special relationship would exist.

Although in the present case there was no verbal promise to provide protection, the plaintiffs argue, and we agree, that a jury could find that a reasonable person would construe the guard's actions as an implicit promise that aid would be forthcoming and act upon that promise. Therefore, it is for the trier of fact to decide whether Bloom acted reasonably in concluding that he was receiving an implicit promise of assistance on which he could rely. If Bloom acted reasonably in relying upon the security guard's conduct, then a special relationship was created which establishes a duty to protect Bloom. It will then be for the trier of fact to decide whether

that duty was breached, and if that breach was a proximate cause of Bloom's injuries.

Under these circumstances, the granting of the defendants' motion to dismiss the complaint was improper. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.