■ DAVID WEINSTEIN et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs

appeal from an order of the Supreme Court, Kings County (Krausman, J.), dated March 12, 1985, as amended March 20, 1985, which granted the defendants' motion for summary judgment in their favor.

Ordered that the order, as amended, is affirmed, with costs.

David Weinstein, a teacher employed by the Board of Education of the City of New York (hereinafter the board), seeks to hold the board liable for negligently failing to provide proper security in a public school. Weinstein was injured as a result of an assault and robbery which occurred in a classroom at Erasmus Hall High School while he was teaching a class in the evening division. He alleged that his was the only class remaining in the school at the time the crime took place because an announcement had been made dismissing classes early because of the Thanksgiving holiday. The public address system was not functioning in his classroom so Weinstein and his students failed to receive this announcement. Moreover, Weinstein claims he relied upon the presence of security guards who were assigned to the school but who were allegedly absent from their posts at the time of the attack.

The granting of the defendants' motion for summary judgment in their favor was proper. Absent a special relationship between the injured party and the public entity which allegedly committed the negligent act or omission, a governmental agency cannot be held liable for negligent acts committed in the performance of its governmental functions (see, Sorichetti v City of New York, 65 NY2d 461, 468; Vitale v City of New York, 60 NY2d 861, 863, rearg denied 61 NY2d 759; Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 182). The plaintiffs, in opposing the defendants' motion for summary judgment, have not demonstrated that the security measures at the subject public school were intended specifically for the plaintiff David Weinstein's benefit or for a class of persons of which he was a member and, therefore, that a special duty was owed to him (see, e.g., Vitale v City of New York, supra; Ferrara v Board of Educ., 116 AD2d 693; Anilyan v Board of Educ., 115 AD2d 515; Corcoran v Community School Dist. 17, 114 AD2d 835).

Furthermore, the negligence alleged in this case does not stem from the defendants' failure to fulfill a proprietary duty, as urged by the plaintiffs, but rather derives from the defendants' exercise of their governmental functions. Therefore, Miller v State of New York (62 NY2d 506) and its progeny are not applicable (see, Crosland v New York City Tr. Auth., 110

AD2d 148, *affd* 68 NY2d 165; *Nola v New York City Tr. Auth.,* 115 AD2d 461). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.