■ ANTHONY SALMOND, an Infant, by CATHERINE SALMOND, His Mother and Natural Guardian, et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Adler, J.), dated January 17, 1986, which granted the defendant's motion for summary judgment, and (2) as limited by his brief, from so much of an order of the same court, dated July 8, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 17, 1986 is dismissed, as that order was superseded by the order dated July 8, 1986; and it is further,

Ordered that the order dated July 8, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The infant plaintiff, a high school student, was assaulted by

armed individuals on the front steps of his public school. He now seeks, by his parent and guardian, to recover damages from the defendant Board of Education of the City of New York based upon theories of negligent supervision and breach of a special duty to provide protection. It is conceded that the infant plaintiff was outside of the school building at the time the incident occurred in knowing violation of school rules promulgated for the protection of students.

The plaintiff's claim of a special duty is without merit. Measures taken for the provision of school security do not create a special duty upon which municipal liability can be predicated absent a showing, not present here, that the measures were designed or intended specially for the benefit of the injured party (see, *Vitale v City of New York,* 60 NY2d 861, *rearg denied* 61 NY2d 759; *Ferrara v Board of Educ.,* 116 AD2d 693; *Corcoran v Community School Dist. 17,* 114 AD2d 835). To the extent that the plaintiff's allegations of negligent supervision can be considered to comprise a separate and distinct cause of action, the circumstances of this case do not give rise to a cognizable claim (see, *Schuyler v Board of Educ.,* 18 AD2d 406, *affd* 15 NY2d 746). Accordingly, the complaint was properly dismissed. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.