■ MARILYN S. et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In a negligence action to recover damages for personal injuries, etc. resulting from a sexual assault in a public school facility, the defendants appeal from a judgment of the Supreme Court, Queens County (Lerner, J.), dated October 17, 1986, which is in favor of the plaintiff Marilyn S. in the principal sum of $1,500,000 and in favor of the plaintiff Jeffrey S. in the principal sum of $50,000 and against them, upon a jury verdict.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

The plaintiff Marilyn S. a school teacher at a New York City high school, was sexually assaulted in the faculty ladies' room by a male intruder on December 7, 1981. The room was ordinarily kept locked and the plaintiff entered it by using her own key. The assailant was never apprehended and there was no evidence as to how he had entered the second-story windowless room. At trial, the plaintiffs sought to establish that Marilyn S.'s injuries had been proximately caused by the defendants' negligent failure, in their proprietary capacity as

landlords, to maintain their premises in a reasonably safe condition. Specifically, the plaintiffs alleged that the defendants had maintained a system of distributing keys that was so inadequate and disorganized that keys were likely to fall into unauthorized hands, thereby making it foreseeable that such a violent intrusion and injury would occur. In support of their contention, the plaintiffs offered expert testimony that the school's key distribution and control system was inadequate, as well as the testimony of a police detective to the effect that the school principal, who was deceased at the time of trial, had told the detective on the day after the assault that he had heard rumors from students that school master keys were being obtained by students from a local hardware store. No evidence was presented concerning the school's response to the rumor or when the principal had heard it and no evidence was presented concerning any prior criminal incidents in the school. Moreover, neither Marilyn S. nor any of the other witnesses who were school employees, had heard of or had any knowledge of the alleged rumor regarding the keys. Following the trial, the jury rendered a verdict in favor of the plaintiffs. The defendants now assert that there was insufficient evidence as a matter of law to support a finding of liability against them in their proprietary capacity. We agree.

While it is well established that a public entity may not escape liability for negligent acts which it performs in a proprietary capacity and which are a proximate cause of an injury which was sustained as the result of a foreseeable act by a third party *(Nola v New York City Tr. Auth.,* 115 AD2d 461; *Crosland v New York City Tr. Auth.,* 110 AD2d 148, *affd* 68 NY2d 165), where a public entity acts both in a governmental and in a proprietary capacity, "[i]t is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is engaged generally in proprietary activity" *(see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 182). This is so because a "governmental entity's conduct may fall along a continuum of responsibility to individuals and society deriving from its governmental and proprietary functions" *(see, Miller v State of New York,* 62 NY2d 506, 511-512).

In the instant case, the negligence alleged does not stem from the defendants' failure to fulfill a proprietary duty, as urged by the plaintiffs, but rather, derives from the defendants' exercise of their governmental functions *(see, Weinstein v Board of Educ.,* 127 AD2d 655). It is well established that

the provision of security against attacks from third parties is a governmental function and no liability arises from the performance of such a function absent a showing of a special duty of protection *(see, Vitale v City of New York,* 60 NY2d 861; *Glick v City of New York,* 53 AD2d 528, *affd* 42 NY2d 831; *Ferrara v Board of Educ.,* 116 AD2d 693). Since the instant plaintiffs have not made any claim of a special duty and indeed no such duty exists in this case, we have determined that the record fails to establish any legal basis for judgment in the plaintiffs' favor. Accordingly, the judgment should be reversed and the complaint dismissed. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.