■ ANTHONY T. BISIGNANO et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated November 6, 1986, which (1) granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and (2) denied the plaintiffs' cross motion pursuant to CPLR 3126 to strike the defendants' answer for failure to comply with a discovery order.

Ordered that the order is affirmed, with costs.

The plaintiff Anthony Bisignano, an auto shop teacher in a Staten Island high school, was injured when he tried to break up a fight between two students in his classroom. While one of the students was attempting to kick the other, he inadvertently kicked the teacher. The teacher sued the defendants on the theory that they negligently failed to protect him from the students by removing one or both of them from the school or by warning the teacher that the students had a hostile relationship and a propensity to fight one another.

The plaintiffs recognize, as they must, that absent a special duty to the injured teacher, liability may not be imposed upon a governmental entity for its breach of a duty owed generally to persons in the school system and members of the public (*Vitale v City of New York*, 60 NY2d 861, 863, *rearg denied* 61 NY2d 759; *Glick v City of New York*, 53 AD2d 528, *affd* 42 NY2d 831). The plaintiff teacher's contention that his status as an employee of the defendants creates the requisite special duty is without merit. He was in the same position as every other school employee. There was no allegation that the defendants, by words or actions, affirmatively assumed a duty to act on his behalf (*see, Cuffy v City of New York*, 69 NY2d 255, 260, *mot to amend remittitur dismissed* 70 NY2d 667; *Marilyn S. v City of New York*, 134 AD2d 583).

Similarly unavailing is the plaintiffs' claim that the defendants were negligent in their capacity as a landlord by placing the students in the same class thereby creating an unsafe workplace. The decision as to the assignment of the students was an educational determination which has no connection to the defendants' function as a landlord (*cf., Miller v State of New York*, 62 NY2d 506). Accordingly, the Supreme Court, Richmond County, properly granted the defendants' motion to

dismiss the complaint for failure to state a cause of action. Since the complaint is dismissed, the plaintiffs' cross motion has been rendered moot. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.