■ MARCIA C. FEDER et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 30, 1988, as dismissed the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Marcia Feder, a regular substitute teacher at P.S. 205M, in Brooklyn, was injured on April 23, 1979, when a child in a gym class for emotionally handicapped children allegedly accidentally threw a soccer ball at her during a game of dodge ball, striking her in the head.

It is well settled that absent a special duty to an injured teacher, liability may not be imposed upon a governmental entity for its breach of a duty owed generally to persons in the school system and members of the public (see, Bisignano v City of New York, 136 AD2d 671, citing Vitale v City of New York, 60 NY2d 861, 863, rearg denied 61 NY2d 759).

The plaintiff's contention that the defendant, after assuming an affirmative duty to her by promising to provide her with training and with increased support staff and then failing to do so, breached a special duty to her which excepted her case from the general rule, is without merit.

Reliance is a critical element of the special relationship which is a requisite to the imposition of municipal liability. "That element provides the essential causative link between the 'special duty' assumed by the municipality and the alleged injury. Indeed, at the heart of most of these 'special duty' cases is the unfairness that the courts have perceived in *precluding recovery when a municipality's voluntary undertaking has lulled the injured party into a false sense of security and has thereby induced him either to relax his own vigilance or to forego other available avenues of protection (see, De Long v County of Erie* [60 NY2d 296, 300]; *Florence v Goldberg* [44 NY2d 189, 197]). On the other hand, when the reliance element is either not present at all or, if present, is not causally related to the ultimate harm, this underlying concern is inapplicable, and the invocation of the 'special duty' exception is then no longer justified." *(Cuffy v City of New York,* 69 NY2d 255, 261 [emphasis added].)

Clearly, Marcia Feder could not have relied on the defendant's alleged promises of aid to lull her into a false sense of security when it was evident that such aid was not forthcoming. Thus, even if, arguendo, the defendant had breached an affirmative duty to the plaintiff, the critical element of reliance was not present and the plaintiff's negligence cause of action against the defendant, absent a "special relationship", was properly dismissed *(see, Cuffy v City of New York, supra).* Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.