■ TERRY QUINN, Appellant, v CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 29, 1987, which affirmed an order of the Civil Court, Richmond County (Messina, J.), entered January 21, 1986, granting the motion of the defendants, City of New York, Board of Higher Education of the City of New York, and the College of Staten Island (Sunnyside Campus) to dismiss the complaint as against them for failure to state a cause of action.

Ordered that the order of the Appellate Term is affirmed, without costs or disbursements.

Contrary to the plaintiff's contentions, the allegations of the complaint, as amplified in the bill of particulars, do not stem from the defendants' failure to fulfill their proprietary duties, but rather derive from the defendants' exercise of their governmental function *(see, Marilyn S. v City of New York,* 134 AD2d 583, *affd* 73 NY2d 910; *Weinstein v Board of Educ.,* 127 AD2d 655; *Pugliese v City of New York,* 115 AD2d 465). Accordingly, the Appellate Term properly affirmed the dismissal of the complaint since the plaintiff failed to allege the existence of a special duty upon which municipal liability can be predicated *(see also, Bisagnano v City of New York,* 136 AD2d 671; *Salmond v Board of Educ.,* 131 AD2d 829; *Brown v City of New York,* 130 AD2d 701; *Glick v City of New York,* 53 AD2d 528, *affd* 42 NY2d 831). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.