■ WILLIAM J. HERRMAN, SR., Individually and as Administrator of the Estate of WILLIAM J. HERRMAN, JR., Deceased, et al., Respondents, v COUNTY OF ORANGE et al., Appellants, and COUNTY OF DUTCHESS et al., Respondents, et al., Defendants.— In an action to recover damages for wrongful death and conscious pain and suffering, etc., the defendants County of Orange and Orange County Government Fire Mutual Aid appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered April 27, 1988, which denied their cross motion for summary judgment dismissing the amended complaint insofar as it is asserted against them and any cross claims against them.

Ordered that the order is reversed, on the law, with costs payable by the plaintiffs, the cross motion is granted, the amended complaint is dismissed insofar as it is asserted against the appellants, any cross claims asserted against them

are dismissed, and the action against the remaining defendants is severed.

On April 7, 1985, the plaintiffs' decedent discovered a fire at the Mount Storm Ski Area located in Route 52 in Stormville, New York. He telephoned the operator, who inadvertently transferred him to the appellant Orange County Government Fire Mutual Aid, rather than to the Dutchess County Fire Department, which was the county of authority. The decedent told the appellants' dispatcher that he was getting caught in the fire, requested immediate assistance and said "I'm going out". The dispatcher asked the address of the premises and proceeded to forward that information to the Dutchess County Bureau of Fire Coordinator. The dispatcher, however, failed to inform Dutchess County that the decedent was present at the scene. As a result, the amended complaint alleged, the Fire Department which ultimately was dispatched did not promptly search the building and failed to discover the decedent in time to rescue him.

The appellants the County of Orange and the Orange County Government Fire Mutual Aid moved for summary judgment on the ground that the plaintiffs failed to proffer any evidence that a special relationship existed between them and the decedent, and so no basis for liability was established. The plaintiffs countered that the transcribed conversation between the decedent and the dispatcher raised questions of fact as to whether the appellants affirmatively assumed a duty to assist the decedent which the decedent justifiably relied upon. We agree with the appellants.

A municipality will not be held liable for negligence in performing a governmental function such as police or fire protection unless a "special relationship" existed between the municipality and the injured party (*De Long v County of Erie*, 60 NY2d 296, 304; *see also, Kircher v City of Jamestown*, 74 NY2d 251). The elements necessary to establish a "special relationship" are: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260).

There was insufficient evidence in the record to support a finding of reliance. Since the plaintiffs have failed to allege facts sufficient to satisfy their burden of establishing the

existence of a special relationship, summary judgment should have been granted in favor of the appellants *(see, Helman v County of Warren,* 111 AD2d 560; *Pugliese v City of New York,* 115 AD2d 465; *Miller v State of New York,* 62 NY2d 506). Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.