■ Angela Brady, Appellant, v Board of Education of the City of New York, Respondent. [602 NYS2d 892] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Leone, J.), dated June 18, 1991, which, *inter alia,* upon the granting of the defendant's motion for summary judgment, dismissed the complaint, and denied as academic the plaintiff's cross motion, *inter alia,* to compel discovery.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, a teacher in an intermediate school, was injured when she intervened to prevent an assault by one student upon another student. The plaintiff alleged that a security guard was posted in the hall, but failed to take action to prevent the assault. In addition, the plaintiff alleged that the school officials knew of the violent propensities of the assaultive student, and therefore they should have removed him from the school.

The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

The record indicates that the plaintiff had failed to plead and offer proof that the defendant, as a public entity, owed her a special duty upon which she justifiably relied to her detriment *(see, Cuffy v City of New York,* 69 NY2d 255). Accordingly, no basis for liability against the defendant was

established *(see, Corcoran v Community School Dist. 17,* 114 AD2d 835; *Cuffy v City of New York, supra; see also, Bloom v City of New York,* 123 AD2d 594).

Moreover, since pupil placement is a matter of educational policy, the responsibility for which lies within the professional judgment and discretion of those charged with the administration of the public schools, the defendant cannot, under the circumstances presented here, be found negligent for allowing the allegedly assaultive student to remain in the school *(see, Bisignano v City of New York,* 136 AD2d 671).

Since the defendant's motion for summary judgment was properly granted, the Supreme Court further correctly determined that the plaintiff's cross motion was rendered academic. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.