■ WALTER F. PIKE, Individually and as Executor of FLORENCE A. PIKE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Action No. 1.) ERNEST R. WHEELER, Individually and as Administrator of the Estate of NANCY J. WHEELER, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Action No. 2.) THOMAS C. VAN AMBURG, Individually and as Administrator of the Estate of DENISE VAN AMBURG, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Action No. 3.) [625 NYS2d 712] —Spain, J. Appeals (1) from an order of the Court of Claims (Hanifin, J.), entered March 11, 1994, which, *inter alia,* dismissed the claim in action No. 1, and (2) from an order of said court, entered June 3, 1994, which denied claimant's motion for reargument in action No. 1.

Appeals from two orders of the Court of Claims (Hanifin, J.), entered June 3, 1994, which granted the State's motions to dismiss the claims in action Nos. 2 and 3 for failure to state a cause of action.

On October 15, 1992, John Miller walked into the Support Collection Unit (hereinafter SCU) of the Schuyler County Department of Social Services and shot and killed four County employees including Florence A. Pike, Nancy J. Wheeler and Denise Van Amburg (hereinafter the decedents). Miller had been in arrears on his child support obligations and the SCU

---

had recently garnished his wages. Claimants are the duly appointed representatives of the decedents' estates.

Claimants thereafter commenced separate actions alleging that the State breached a special duty to the decedents in that the State failed to adequately protect them. Claimant Walter F. Pike's request for leave to file a late claim was denied on the basis that the proposed amended claim failed to state a meritorious cause of action and Pike's claim was dismissed for failure to timely file the notice of intent. The claims of claimants Ernest R. Wheeler and Thomas C. Van Amburg were thereafter dismissed on the basis that the claims failed to state a cause of action. Claimants appeal.

Claimants argue that the Court of Claims erred because the claims allege all of the elements of a special relationship between the State and a particular class of persons (i.e., SCU employees). The State argues that the claims were properly dismissed for failure to state a cause of action based upon the Court of Appeals ruling in *Cuffy v City of New York* (69 NY2d 255).

As a general rule, a governmental entity may not be held liable for injuries resulting from a simple failure to provide police protection *(see, Kircher v City of Jamestown,* 74 NY2d 251, 256; *Cuffy v City of New York, supra,* at 260). A narrow exception to the rule exists where there is a special relationship between the injured party and the governmental entity giving rise to a special duty of protection *(see, Cuffy v City of New York, supra; see also, Kircher v City of Jamestown, supra,* at 253; *Bonner v City of New York,* 73 NY2d 930, 932; *Shinder v State of New York,* 62 NY2d 945, 946; *Marilyn S. v City of New York,* 134 AD2d 583, *affd* 73 NY2d 910). The elements of a special relationship are (1) the assumption by the governmental entity, via promises or actions, of an affirmative duty to act on behalf of the one injured, (2) knowledge on the part of the entity that inaction could lead to harm, (3) direct contact of some form between the entity's agents and the injured party, and (4) the injured party's justifiable reliance on the entity's affirmative undertaking *(see, Cuffy v City of New York, supra,* at 260).

In the case at bar, claimants allege that the limited security measures were inadequate; however, they have not alleged that the State failed to perform any affirmative promise to protect the decedents *(see, Kircher v City of Jamestown, supra,* at 256). Further, claimants fail to allege any form of direct contact between the State and the decedents. Finally, the facts alleged by claimants, who assert that their decedents "justifi-

ably relied" upon alleged undertakings of the State to "provide a safe work environment", do not support any avenue for finding that justifiable reliance existed *(see, Cuffy v City of New York, supra,* at 263). The tragic results of the incident of October 15, 1992 do not relieve claimants from the requirement to properly plead the elements of a special relationship *(see, supra,* at 260), which they have failed to do.

Pike's appeal from an order denying his motion for leave to reargue must be dismissed because an order denying a motion for reargument is not appealable *(see, Lindsay v Funtime, Inc.,* 184 AD2d 1036).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order entered March 11, 1994 (action No. 1) is affirmed and the appeal from the order entered June 3, 1994 (action No. 1) is dismissed, without costs. Ordered that the orders entered June 3, 1994 (action Nos. 2 and 3) are affirmed, without costs.