■ ALAN BLANC et al., Respondents, v CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [636 NYS2d 112] —In an action to recover damages for personal injuries, the Board of Education of the City of New York appeals from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated July 15, 1994, as denied the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff is an assistant principal at a high school in Staten Island. On January 21, 1992, following an altercation between two students at the school, three school employed security guards brought one of the students to the plaintiff's office. Soon thereafter the plaintiff went out of his office to disperse other students who had gathered in the hallway. The three security guards remained with the student in the office. While the plaintiff was in the hallway, the student ran out of the office with a bat, swinging it wildly on his way to the cafeteria. The plaintiff followed the student into the cafeteria, and placed himself between the other students and the student with the bat. The student then hit the plaintiff in the face with the bat.

The plaintiff testified that at the time of the incident, there was a security guard stationed at the door to the cafeteria; however, the bat-wielding student had pushed him aside as he entered. He stated that when he was in the cafeteria, he did not see any of the three security guards who initially accompanied the student to his office. The plaintiff also testified that there was another security guard who was assigned to a post outside of his office; however, this guard was not at his post at the time of the incident.

The appellant Board of Education of the City of New York (hereinafter the Board), and its codefendant the City of New York (hereinafter the City), jointly moved for summary judgment. The Board argued that the plaintiff had failed to establish the existence of a special relationship between himself and the Board. The Supreme Court granted summary judgment to the City, but denied the branch of the motion which was for summary judgment in favor of the Board with leave to renew upon the completion of discovery. We now reverse the denial of summary judgment to the Board.

It is well settled that absent a special relationship between the injured party and the public entity which allegedly committed the negligent act or omission, a governmental agency cannot be held liable for negligent acts committed in the performance of its governmental functions (see, *Sorichetti v City of New York,* 65 NY2d 461, 468; *Vitale v City of New York,* 60 NY2d 861, 863; *Weinstein v Board of Educ.,* 127 AD2d 655, 656). In addition, a special relationship is created only when the governmental agency assumes a duty to act on behalf of

the injured party and that party justifiably relies on that assumption of duty to his or her detriment *(see, Ennis v Northeast Mines,* 200 AD2d 553).

In the case at bar, the Board's mere act of hiring security guards did not create a special duty to protect the plaintiff. "Absent indicia that the * * * security guards were hired specifically to protect [the] plaintiff or a limited class of teachers of which [the] plaintiff was a member, security provisions at a public school do not create a special duty upon which governmental liability may be predicated" *(Corcoran v Community School Dist. 17,* 114 AD2d 835; *see also, Brady v Board of Educ.,* 197 AD2d 655; *Weinstein v Board of Educ.,* 127 AD2d 655, *supra).* Moreover, it is clear that the plaintiff was not relying upon the assistance of the security guards at the time of the incident. This is evidenced by the fact that the plaintiff pursued the student to the cafeteria on his own, did not specifically request help from any security guard, and did not observe any security guards inside the cafeteria. Accordingly, the plaintiff has not demonstrated a sufficient factual predicate to indicate the existence of a special duty upon which liability against the Board may be based *(see, Corcoran v Community School Dist. 17, supra,* at 835). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.