■ BARBARA J. MOHAMED, Individually and as Parent and Guardian of BARBARA MOHAMED, an Infant, et al., Appellants, v TOWN OF NORTH GREENBUSH, Respondent. [646 NYS2d 424] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered June 21, 1995 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Barbara Jean Mohamed (hereinafter Mohamed) and her husband, David Mohamed, went hunting on their family farm in the early afternoon of November 20, 1989. After a short period, Mohamed returned home, leaving her husband to hunt alone. When he had not returned by 8:00 P.M., she sent her two sons and a nephew out to look for him. After approximately two hours of unsuccessful searching, she called the Town of North Greenbush Police Department for assistance. According to Mohamed, after advising the dispatcher that David had been in the woods since early afternoon and had not yet returned or responded to the family's efforts to locate him, she stated that she needed assistance since he must be unconscious and hurt. The message was relayed to Police Officer Kevin De Russo, who told Mohamed approximately one hour later that since this was a missing person situation, nothing could be done for 24 hours. As a result thereof, Mohamed did not seek the assistance of other rescue agencies, and her relatives continued their independent search throughout the night. The next morning, after reviewing the dispatcher's log from the prior evening, Police Sergeant Robert Ashe came to the Mohamed residence. Before a search party could be organized, David's body was found.

Mohamed and her children commenced this action against defendant alleging, *inter alia*, that defendant, through De Russo, intentionally, recklessly and negligently informed her that no action could be taken to rescue her husband, resulting in the family's mental anguish and emotional trauma. Defendant thereafter moved to dismiss the complaint pursuant to

CPLR 3211 (a) (7) or, in the alternative, for summary judgment. Supreme Court, treating the motion as one for summary judgment, granted defendant's motion. Plaintiffs now appeal.

It is well settled that a municipality is not liable for injuries resulting from negligence in the performance of a governmental function, including the provision of police protection, unless it can be shown that a "special relationship" was created between the municipality and the claimant (*see, Cuffy v City of New York*, 69 NY2d 255, 260; *Boland v State of New York*, 218 AD2d 235, 240; *Melanson v State of New York*, 215 AD2d 43, 45, *lv denied* 87 NY2d 810; *Pike v State of New York*, 214 AD2d 934, 935, *lv dismissed, lv denied* 86 NY2d 811). Critical to establishing such a "special relationship" is a showing that there was "an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured" (*Cuffy v City of New York, supra*, at 260).*

In attempting to satisfy this initial hurdle, plaintiffs contend that defendant, by "affirmatively provid[ing] responsive advice as to the unavailability of search and rescue resources", satisfied this needed factor to prove that there existed a "special relationship" between themselves and defendant. We disagree. While testimony from Ashe revealed that there was, in fact, no rule or policy concerning a 24-hour waiting period before it could initiate a response under these circumstances, we agree with Supreme Court that De Russo's conversation with Mohamed was insufficient to create the requisite affirmative duty to plaintiffs (*see, Cuffy v City of New York, supra*, at 260; *Yearwood v Town of Brighton*, 101 AD2d 498, *affd* 64 NY2d 667).

In light of our determination, we find that all causes of action, including that alleging the negligent infliction of emotional distress, were properly dismissed.

The order of Supreme Court is affirmed in its entirety.

White, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The other necessary elements are "knowledge on the part of the municipality's agents that inaction could lead to harm; * * * some form of direct contact between the municipality's agents and the injured party; and * * * that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York, supra*, at 260).