CHRISTINE BROCKLEBANK et al., Individually and as Administrators of the Estates of ANDREW BROCKLEBANK and

Another, Deceased, Appellants, v CITY OF LOCKPORT et al., Respondents, et al., Defendants. [674 NYS2d 186] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of the motion of defendants City of Lockport (City), City of Lockport Fire Department (Fire Department) and City of Lockport Streets Department (Streets Department) seeking summary judgment dismissing the first and second causes of action against the City and Streets Department. Those causes of action seek, *inter alia*, to hold the City and Streets Department liable for the conduct of their snow plow operator in striking some large stones that had been placed in front of the residence occupied by plaintiffs and pushing those stones to the side of the residence. As a matter of law, the occurrence of the fire at the residence of Christine Brocklebank (plaintiff) and her tumbling out of a second-story window onto a displaced stone resulting in injuries rendering her a paraplegic were not foreseeable consequences of the conduct of the snow plow operator. Thus, the City and Streets Department had no duty to protect against the injury-producing occurrence (*see, Di Ponzio v Riordan*, 89 NY2d 578, 583-586).

The court also properly granted that part of the motion with respect to the first and second causes of action insofar as they seek to hold the City and Fire Department liable for alleged delay in responding to the fire (*see, Sandstrom v Rodriguez*, 221 AD2d 513, 514; *Herrman v County of Orange*, 154 AD2d 342, 343, *lv denied* 75 NY2d 705).

The court erred, however, in granting that part of the motion seeking to hold the City and Fire Department liable for their alleged negligence in moving plaintiff, thereby allegedly aggravating her injuries. Because the moving defendants submitted no evidence with respect to that part of the first and second causes of action, they failed to establish the entitlement of the City and Fire Department to judgment as a matter of law, regardless of any deficiency in the opposing papers (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We therefore modify the order by denying that part of the motion seeking summary judgment with respect to the first and second causes of action insofar as they allege that the City and Fire Department were negligent in moving plaintiff. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.