■ PAMELA RESSLER BUDER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [843 NYS2d 206]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered August 22, 2006, which, in an action for personal injuries sustained by plaintiff teacher in a classroom altercation between students, granted the motion of defendants City of New York and City Department of Education for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's theory is that defendants owed her a special duty of protection (*see Vitale v City of New York*, 60 NY2d 861, 863 [1983] [general rule that absent a special duty, a municipality cannot be held liable for failure to provide police protection applies in favor of board of education in cases of classroom assaults on teachers by students]) because (1) her principal had promised her a paraprofessional for this special education "advisory class," which included students with emotional problems and in which the students were encouraged to discuss anything that was bothering them, and (2) Department of Education rules "require a paraprofessional in oversized classrooms with children with emotional disabilities." As to (1), even if such a promise could create a special duty, there is no evidence that any such promise was made by any of plaintiff's supervisors. Although plaintiff testified at her General Municipal Law § 50-h hearing that she requested a paraprofessional, she never indicated whether any school administrator had agreed to the request (*compare Pascucci v Board of Educ. of City of N.Y.*, 305 AD2d 103 [2003]). Nor is an issue of fact as to the making of such a promise raised by plaintiff's memo to her assistant principal, dated three weeks before the incident, memorializing their conversation concerning the "oversize" of two of her classes, including the subject advisory class, and stating her "hope" that "the issue will be resolved shortly." We reject plaintiff's argument that she should be given an opportunity to question the assistant principal concerning what, if anything, he did in response to her memo. The very request for disclosure, positing plaintiff's unawareness of the assistant principal's response to her purported request for a paraprofessional made three weeks earlier, demonstrates that plaintiff could not have been lulled into a false sense of security by anything the assistant principal said or did (*cf. Feder v Board of Educ. of City of N.Y.*, 147 AD2d 526, 527 [1989], *lv denied* 74 NY2d 610 [1989]

[teacher could not have relied on alleged promise of increased support staff "when it was evident that such aid was not forthcoming"]). As to (2), assuming security is one of the purposes of the alleged rules requiring a paraprofessional in oversized classrooms with emotionally troubled students, such rules, as described by plaintiff, cannot possibly be understood as intended specially for her benefit (*see Vitale*, 60 NY2d at 863). We have considered plaintiff's other arguments and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.