614

While defendant's prior motion sought to dismiss either on the pleadings or on summary judgment and was denied as premature in light of the need for further discovery (with leave to renew within 120 days after a certain deposition was taken), the instant motion seeks to dismiss solely for failure to state a cause of action. Defendant therefore was not bound to bring the motion within the time imposed by the court for renewal of the summary judgment motion (*see* CPLR 3211 [e]; *Herman v Greenberg*, 221 AD2d 251 [1995]). Nor does the motion violate the single motion rule (*see* CPLR 3211 [e]), since the prior motion was not decided on the merits (*see generally Ultramar Energy v Chase Manhattan Bank*, 191 AD2d 86 [1993]; *compare Miller v Schreyer*, 257 AD2d 358, 361 [1999] ["the issue to be decided is whether defendants are entitled to a second determination of the identical question"]).

Plaintiff alleges that she was injured while attempting to restrain a disruptive student whom she had previously asked defendant to remove from her classroom, and that her injuries were caused by defendant's negligent failure to remove the student and to afford her proper protection in the classroom. Recognizing that a discretionary government action may not be a basis of liability, plaintiff argues that, since defendant's director of special education exercised her discretion in referring the

troubled student for an evaluation, any follow-up action became mandatory and thus ministerial (*see McLean v City of New York*, 12 NY3d 194, 203 [2009]). This argument is unavailing. The decision to change a student's classroom placement is within the discretion of the Board of Education (*Brady v Board of Educ. of City of N.Y.*, 197 AD2d 655 [1993]; *Dinardo v City of New York*, 13 NY3d 872, 877-878 [2009] [Lippman, J., concurring]). Moreover, ministerial actions may be a basis of liability, "but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*McLean*, 12 NY3d at 203). As plaintiff neither alleged nor testified that defendant assured her that the student would be removed from her classroom or that she would be provided with any particular security there, she has not satisfied the requirement of pleading a special duty owed to her by defendant (*see Dinardo*, 13 NY3d at 874-875). Concur—Mazzarelli, J.P., Saxe, Acosta and Freedman, JJ.