Morgan-Word v New York City Dept. of Educ. (2018 NY Slip Op 03673)





Morgan-Word v New York City Dept. of Educ.


2018 NY Slip Op 03673


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-04776
2015-08681
 (Index No. 23726/08)

[*1]Rolanda Morgan-Word, et al., respondents,
v
New York City Department of Education, et al., appellants.


Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing, Michael Pastor, and Elina Druker of counsel), for appellants.
Drabkin & Margulies (Arnold E. DiJoseph, P.C., New York, NY, of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated March 24, 2015, and (2) an amended judgment of the same court entered May 27, 2015. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the jury verdict as to damages for lost earnings. The amended judgment, upon the jury verdict, and upon the order dated March 24, 2015, is in favor of the plaintiffs and against the defendants in the principal sum of $2,027,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the amended judgment is reversed, on the law, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint is granted, the complaint is dismissed, and the order dated March 24, 2015, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501[a][1]).
The plaintiff Rolanda Morgan-Word (hereinafter the injured plaintiff), a middle school assistant principal, allegedly was injured when she attempted to stop a fight between two students, which occurred inside a classroom on the fourth floor of the school where she worked shortly before the students were to be dismissed for the day. The injured plaintiff, along with her husband suing derivatively, commenced this action against the defendants City of New York Department of Education and the New York City Board of Education to recover damages.
At trial, the injured plaintiff testified that, in early December 2007, approximately six weeks prior to the subject incident, she was punched in the eye by a student while trying to stop a fight. The following day, she met with the principal of the school to advise him that she was reluctant to continue working on the fourth floor due to concerns regarding her safety.
Following that conversation, the injured plaintiff observed additional security personnel on the fourth floor. Over the next several weeks, however, she also observed, on "numerous occasions," that no additional security personnel were present, prompting her to complain to the principal on no fewer than 10, and perhaps as many as 13, separate occasions.
On the day of the incident, approximately 20 minutes prior to dismissal of the students for the day, the injured plaintiff heard a commotion coming from a classroom on the fourth floor. She looked for the additional security personnel, did not see anyone, and then entered the classroom to investigate. As the injured plaintiff attempted to stop a fight, the fighting students fell on top of her. She sustained injuries, as a result of which she was unable to work.
After the close of the plaintiffs' case, the defendants timely moved pursuant to CPLR 4401 for a directed verdict, on the ground that the plaintiffs failed to establish, prima facie, that the defendants had assumed any special duty toward the injured plaintiff, or that the injured plaintiff justifiably relied on any promises that may have been made by the principal to increase security on the fourth floor. The Supreme Court denied the motion.
The jury found, inter alia, that the defendants had assumed a special duty to the injured plaintiff, and that the injured plaintiff justifiably relied on the defendants' promise to improve security on the fourth floor. The jury found, inter alia, that the injured plaintiff was entitled to recover damages for future lost earnings. The defendants thereafter moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the damages award for lost earnings. The Supreme Court denied those branches of the defendants' motion. An amended judgment in favor of the plaintiffs was entered accordingly.
As a threshold matter, the legal question of whether the plaintiffs met their prima facie burden of proof at trial is preserved for our review (see CPLR 4401; Miller v Miller, 68 NY2d 871, 873). Further, contrary to the plaintiffs' contention, the defendants were not precluded from raising this contention before the Supreme Court by our decision and order on a prior appeal (see Morgan-Word v New York City Dept. of Educ., 96 AD3d 1025).
On a legal sufficiency challenge, whether made pursuant to CPLR 4401 at the close of the plaintiffs' case or pursuant to CPLR 4404(a) to set aside the jury verdict, the relevant inquiry is whether there is any rational process by which the trier of fact could base a finding in favor of the nonmoving party (see Szczerbiak v Pilat, 90 NY2d 553, 556; Cohen v Hallmark Cards, 45 NY2d 493, 499).
Absent the existence of a special relationship between the defendants and the injured plaintiff, liability may not be imposed on the defendants for the breach of a duty owed generally to persons in the school system and members of the public (see Vitale v City of New York, 60 NY2d 861, 863; Bain v New York City Bd. of Educ., 268 AD2d 451). A special relationship can be formed, inter alia, if the defendants voluntarily assumed a special duty to the injured plaintiff upon which she justifiably relied (see McLean v City of New York, 12 NY3d 194, 199). In order to succeed on this theory, the plaintiffs were required to establish four elements: (1) an assumption by the defendants, through promises or actions, of an affirmative duty to act on behalf of the injured plaintiff; (2) knowledge on the part of defendants' agents that inaction could lead to harm; (3) some form of direct contact between the defendants' agents and the injured plaintiff; and (4) the injured plaintiff's justifiable reliance on the defendants' affirmative undertaking (see Valdez v City of New York, 18 NY3d 69, 80; Cuffy v City of New York, 69 NY2d 255, 260).
Under the circumstances of this case, affording the injured plaintiff the benefit of every inference that may properly be drawn from the evidence presented and considering the evidence in a light most favorable to her, we conclude that there is no rational process by which the [*2]jury could have found that the injured plaintiff justifiably relied, on the date of the incident, upon assurances of increased security that had been made by the school's principal approximately six weeks earlier (compare Valdez v City of New York, 18 NY3d at 80, Dinardo v City of New York, 13 NY3d 872, Buder v City of New York, 43 AD3d 720, and Blanc v City of New York, 223 AD2d 522, with Mastroianni v County of Suffolk, 91 NY2d 198, and Pascucci v Board of Educ. of City of N.Y., 305 AD2d 103).
Accordingly, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint must be granted, and the complaint must be dismissed.
In light of our determination, we need not address the defendants' remaining contention.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court