RUTH L. CROSBY, as Administratrix of the Estate of ELIZA-
BETH M. CROSBY, Deceased, Appellant, v TOWN OF
BETHLEHEM, Respondent.

Third Department, December 9, 1982

APPEARANCES OF COUNSEL

*Edward P. Ryan* for appellant.

*Schrade & Kimmey* (*Karl H. Schrade* of counsel), for
respondent.

### OPINION OF THE COURT

KANE, J.

At approximately 11:00 P.M. on July 4, 1979, Elizabeth
Crosby was struck and killed by a motorcycle operated by
Scott Boice. At the time of the accident she was walking
near the intersection of Adams Place and Kenwood Avenue
in the Town of Bethlehem, Albany County.

Boice had attended a lawn party that afternoon in
another area of the town. Officer Cynthia Reed of the
Bethlehem Police Department, who had known Boice for
some 10 years, lived next door to the scene of these festivi-
ties. During the course of the late afternoon, while stand-
ing in her driveway, Officer Reed conversed with Boice for
about 20 minutes. She later testified that as she observed
Boice, he had difficulty in standing, held a glass of beer in

his hand, and, in her opinion, was intoxicated. At about 5:30 P.M., she saw Boice drive away from the scene on his motorcycle. Though off duty, she immediately went to her phone and called the Bethlehem Police Department, advising the duty officer that people were driving from the scene of the party in an intoxicated condition. She did not furnish any identifying license number or name or the fact that a motorcycle was involved. Subsequent testimony failed to establish a record of that call or the identity of any officer receiving the information. Officer Reed went on duty at 11:00 P.M. that evening, and was thereafter called to the scene of the accident where Elizabeth Crosby was killed.

The within action, brought by Elizabeth Crosby's mother, as administratrix of her estate, seeks damages from the Town of Bethlehem for the negligent conduct of its police officers in failing to arrest Boice or otherwise prevent him from operating his motorcycle while in an intoxicated condition. Contending that there was no special duty assumed by defendant town to furnish police protection to any particular individual, and thus no liability on its part for damages, defendant moved for summary judgment. Special Term granted the motion, dismissed the complaint, and this appeal ensued.

The general rule in New York is that a municipality has a duty to furnish adequate police protection to the general public but cannot be cast in damages for failure to furnish adequate protection to a specific individual (*Riss v City of New York,* 22 NY2d 579). The recognized exception to this rule occurs where a duty of care results from the establishment of a special relationship between the municipality and the individual. Such a particularized assumption of responsibility creates a special duty on the part of the municipality, the breach of which may create the liability (*Florence v Goldberg,* 44 NY2d 189; *Schuster v City of New York,* 5 NY2d 75; *Baker v City of New York,* 25 AD2d 770). In the matter at hand, neither the acts of Officer Reed, nor her failure to act, rise to the level required to establish a special duty on the part of the town to Elizabeth Crosby (*Evers v Westerberg,* 38 AD2d 751, affd 32 NY2d 684). Another police officer might have chosen a different course of conduct, but on the facts presented, liability cannot be

imposed upon defendant (*Riss v City of New York, supra*). Plaintiff's further contention that Officer Reed's actions bring this matter within the "affirmative act" or "reliance" exception, as suggested in *Zibbon v Town of Cheektowaga* (51 AD2d 448, 453) and discussed in *Dutton v City of Olean* (60 AD2d 335, affd 47 NY2d 756), is not persuasive. In our view, such a so-called "exception" is not really another exception giving rise to a special duty, but merely a refinement of the existing rule and a further example of the multitudinous factual situations that can give rise to the establishment of a special duty.

While it may be argued that in this factual setting the ultimate tragedy was entirely foreseeable, we are instructed that foreseeability is not to be confused with duty, and foreseeability may not be used to create a duty where none existed before (see *Pulka v Edelman,* 40 NY2d 781, 786).

Additionally, we find no liability on the part of defendant under the Federal Civil Rights Act of 1871 (US Code, tit 42, § 1983) (*Monroe v Pape,* 365 US 167, 191) nor under any theory that would extend liability to this defendant as a landowner (*Pulka v Edelman, supra*).

The order should be affirmed, without costs.

SWEENEY, J. P., CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, without costs.