■ LLOYD HELMAN, Respondent, v COUNTY OF WARREN, Appellant, et al., Defendant. — Weiss, J. Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered October 30, 1984 in Warren County, which denied defendant County of Warren's motion for summary judgment dismissing the complaint.

This is an action by a property owner against defendant County of Warren (hereinafter defendant) to recover damages allegedly caused by defendant's negligent failure to respond to plaintiff's fire distress call. Special Term denied defendant's motion for summary judgment dismissing the complaint.[*] The sole question presented upon this appeal is whether an action may be maintained against a municipality for negligence in the absence of actual reliance upon a limited duty assumed by that municipality.

On March 16, 1979, defendant and fire companies serving the County adopted the Warren County Fire Mutual Aid Plan, establishing a 911 telephone number to be dialed for emergency services, including fire and police. On June 27, 1980 at about 10:00 A.M., plaintiff discovered a fire in his Kawasaki motorcycle shop located at 19 Boulevard Street in the Town of Queensbury. He twice dialed 911 on his telephone but was not connected to any public agency. Plaintiff and several employees then began moving vehicles away from the burning building, without attempting another call. At about 10:20 A.M., plaintiff asked a passing motorist to call the fire department. The motorist approached a deputy sheriff, who was nearby, and who was believed to have reported the fire. In the meantime, at about 10:25 A.M., Jeanette Corlew, employed at a nearby business, dialed 911 to report the fire and was told that the fire department "would be notified immediately". She called again 15 minutes later to ask where the fire trucks were and was told that they were on the way. By the time the fire trucks arrived at about 10:51 A.M., the entire building was involved. The fire was extinguished at about 4:00 P.M.

It is well settled that "a municipality cannot be held liable for negligence in the performance of a governmental function, including police and fire protection, unless a special relationship existed between the municipality and the injured party" (De Long v County of Erie, 60 NY2d 296, 304; see, Garrett v Holiday Inns, 58 NY2d 253; Florence v Goldberg, 44 NY2d 189, 195-196; Crosby v Town of Bethlehem, 90 AD2d 134, 135). To succeed, a

---

[*] The complaint was subsequently dismissed as against defendant South Queensbury Volunteer Fire Company, Inc., by order entered November 28, 1984.

plaintiff must demonstrate the assumption of a limited duty which the municipality should have realized would lead the plaintiff to reasonably rely thereon and, as a result, places the plaintiff in a worse position than he would have been in but for the assumption of that duty (*see, Shinder v State of New York,* 62 NY2d 945, 946; *De Long v County of Erie, supra,* p 305; *Garrett v Holiday Inns, supra,* p 262). In other words, liability flows from the harm resulting from a plaintiff's reliance more so than from the assumption of the duty itself (*Shinder v State of New York, supra,* p 946). Obviously, to be effective, the municipality must have communicated its assumption of the limited duty to the plaintiff either by words or by actions in order to establish a basis for reasonable reliance (*see, e.g., De Long v County of Erie, supra,* p 304; *Florence v Goldberg, supra,* p 197; *Crosby v Town of Bethlehem, supra,* p 136).

Here, we find neither the existence of a special duty toward plaintiff in particular, nor actual reliance on the limited duty assumed by defendant in providing the special emergency service. The 911 emergency number was for use by the entire population of Warren County, not plaintiff specifically. While, as stated above, tort liability may exist where there is some special relationship creating a municipal duty to use care for the benefit of an individual or class of persons, the courts have never imposed general liability to the public for civil damages resulting simply from the failure to supply adequate police or fire protection (*O'Connor v City of New York,* 58 NY2d 184, 190; *Garrett v Town of Greece,* 55 NY2d 774; *Sanchez v Village of Liberty,* 42 NY2d 876, 877-878, *mod on other grounds* 44 NY2d 817; *Motyka v City of Amsterdam,* 15 NY2d 134; *Moch Co. v Rensselaer Water Co.,* 247 NY 160). The 911 emergency number was concededly designed to benefit persons in an emergency situation, but "in the broad sense of protecting all members of the general public similarly situated" (*O'Connor v City of New York, supra,* p 190). Absent a showing of reasonable reliance, this limited obligation is clearly insufficient to form a basis for municipal liability to plaintiff in this case. Unlike the factual scenario in *De Long,* here there was no actual reliance by plaintiff on any affirmative personal assurances made by defendant (*see, Bardavid v New York City Tr. Auth.,* 61 NY2d 986, 987). It follows that plaintiff cannot establish a detrimental reliance on the limited duty assumed by defendant.

Nor can we discern an implied agency relationship between plaintiff and Corlew, to whom defendant allegedly made assurances that help was on its way, so as to establish the absent element of reliance. These assurances were made to Corlew, not

plaintiff. Contrary to plaintiff's argument, while an agent's authority may be implied, the agency relationship itself cannot be established by implication (*see,* Restatement [Second] of Agency §§ 15, 26, 47 [1954]). In essence, plaintiff's contention amounts to an assertion that liability would attach so long as anyone dialed 911 for assistance on his behalf. Acceptance of this theory would permit the exception to overshadow the general rule that a municipality cannot be held liable for a breach of duty owed the public generally. To the extent that defendant was negligent in this case, the negligence emanated not from breach of a special duty owed plaintiff, but from breach of its general duty to the public at large. In sum, since plaintiff failed to establish actual reliance, he is precluded from recovering against defendant as a matter of law (*Shinder v State of New York,* 62 NY2d 945, 946, *supra*). Accordingly, Special Term erred in failing to grant defendant's motion for summary judgment dismissing the complaint.

Order reversed, on the law, without costs, motion granted and complaint dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.