■ JENNIFER B. DI CERBO, an Infant, by EUGENE DI CERBO, Her Parent and Natural Guardian, et al., Respondents, v FELICIA D. RAAB et al., Respondents, and SOUTH COLONIE SCHOOL DISTRICT, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Conway, J.), entered May 27, 1986 in Albany County, which denied a motion by defendant South Colonie School District for summary judgment dismissing the complaint and all cross claims against it.

On the morning of November 30, 1984, plaintiff Jennifer B. Di Cerbo (hereinafter plaintiff), a 12-year-old school girl, walked to her assigned school bus stop in the Town of Colonie, Albany County. She was tardy in arriving at her destination

and missed her school bus. On a prior occasion when plaintiff had missed her bus she had obtained a ride to school from her parents. Subsequently, she learned from her schoolmates that, should she miss the bus at her assigned stop, she could catch it at a stop located on Albany-Shaker Road, several blocks away from her assigned stop. Accordingly, on the day in question, plaintiff proceeded to the later stop on the bus route located on the opposite side of Albany-Shaker Road. In her apparent haste to get across the street to the bus stop before the bus came, plaintiff was struck by a car operated by defendant Felicia D. Raab which was traveling west on Albany-Shaker Road. Plaintiff sustained serious injuries as a result of this accident.

Plaintiff commenced the instant personal injury action against Raab and her husband, who was the owner of the vehicle that struck her, and defendant South Colonie School District (hereinafter defendant). Defendant moved for summary judgment dismissing the complaint and all cross claims against it. Supreme Court denied the motion. This appeal by defendant ensued. We reverse.

Initially, we reject defendant's contention that it did not owe plaintiff a duty of care. Negligence consists of a breach of a duty of care owed to another *(see, Mesick v State of New York,* 118 AD2d 214, 216, *lv denied* 68 NY2d 611). Care must be taken to avoid confusing duty, which is a question of law, with breach, which is a question of fact. Whether a duty of care arises turns on the relation between the defendant and the plaintiff and the potential risk of harm to the plaintiff by the defendant's act or omission. "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension" *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344). In this case, based upon the relationship between plaintiff and defendant, and the risks reasonably to be perceived, a duty of care arose. This case does not simply involve a carrier picking up a fare, but concerns a school district providing transportation to a minor. As was noted in the dissenting opinion in *Pratt v Robinson* (39 NY2d 554, 566 [Wachtler, J., dissenting]): "The critical factor is that the school district endeavored to provide bus transportation. Once they accepted that task they became obligated to perform it in a reasonably prudent manner." Thus, defendant owed a duty of care to plaintiff, such duty being to act in a reasonably prudent manner in transporting her to school. This duty did not begin and end when plaintiff approached and left the assigned bus

stop each day. Such geographic and time limitations might be appropriate were we dealing with a common carrier and adult riders. Such is not the case herein.

However, we further conclude that defendant did not breach its duty of care. A school district is not an insurer of the safety of children as they travel to and from the place where the school bus picks up or discharges them (see, Pratt v Robinson, supra; Gleich v Volpe, 32 NY2d 517). Here, it is clear that plaintiff had not previously attempted to travel to the Albany-Shaker Road bus stop, nor was there any evidence that other children assigned to her stop did so. Further, plaintiff's own assigned bus stop was concededly a safe one and there is no evidence in the record to show that the Albany-Shaker Road bus stop posed an inherent danger to those students who were properly assigned to it. Based on these facts, we conclude as a matter of law that defendant cannot be said to have been in any manner negligent.

Finally, we reject plaintiff's contention that defendant deviated from its policy as set forth in its rules by allowing students to board buses at more remote, less safe locations. Citing Florence v Goldberg (44 NY2d 189), plaintiff claims that defendant instituted rules which parents relied upon, only to violate those rules in such a manner as to invite a child to cross a dangerous street. Such a violation, plaintiff argues, was a voluntary assumption of a duty by defendant, the proper exercise of which was justifiably relied upon by persons benefited thereby, herein plaintiff's parents (see, Garrett v Holiday Inns, 58 NY2d 253; Florence v Goldberg, supra). A key element in special duty cases, however, is some direct contact between agents of a public body that exercises a governmental function and the injured party (see, Sorichetti v City of New York, 65 NY2d 461, 469). The public body must have communicated its assumption of the limited duty to the plaintiff either by words or by action in order to establish a basis for reliance upon such an assumption (see, Helman v County of Warren, 111 AD2d 560, 561, affd 67 NY2d 799). In this case, there is no indication that defendant directly communicated to plaintiff's parents that it had assumed a special duty to only transfer students who are at their assigned stops. Further, the testimony of plaintiff's father indicates no reliance on such a duty by plaintiff's parents.

Order reversed, on the law, without costs, motion granted, and complaint and all cross claims against defendant South Colonie School District dismissed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.