WARRY A. BOGART, Individually and as Administrator of the Estates of KATHLEEN BOGART et al., Deceased, Appellant, v TOWN OF NEW PALTZ et al., Respondents, et al., Defendants.

Third Department, February 9, 1989

APPEARANCES OF COUNSEL

*Nardone & Nardone (Peter C. Graham* of counsel), for appellant.

*Dupee, Madison & Orloff (Peter J. Madison, George A. Kohl, 2nd,* and *Sandra B. Sciortino* of counsel), for Town of New Paltz and others, respondents.

*Cook, Tucker, Netter & Cloonan (Robert D. Cook* of counsel), for Village of New Paltz, respondent.

**OPINION OF THE COURT**

MERCURE, J.

On March 13, 1984, decedent Kathleen Bogart was operating a vehicle on State Route 208 in defendant. Town of New Paltz, Ulster County, accompanied by her two infant children. The Bogart vehicle left the roadway, proceeded down an embankment and landed in a pond, covered with ice, coming to rest half in and half out of the water at an angle. Judith Hein observed the vehicle in the pond as she traveled by and immediately went to defendant New Paltz Emergency Communications Center (hereinafter the Center) and reported what she had seen. Hein was advised that the incident had already been reported and taken care of. About one hour later, while driving home, Hein again observed the car in the same position in the pond. Tragically, no assistance was sent, the vehicle sank into the pond, and Kathleen Bogart and her two children died of asphyxiation by drowning. The car was discovered three days later by the State Police. The Center was a joint venture of the town and defendant Village of New Paltz and provides the service of receiving and dispatching emergency communications. Plaintiff, the husband and father of decedents, commenced this action seeking recovery for,

*inter alia,* wrongful death. After issue was joined and discovery completed, the village, town and the two employees staffing the Center at the time of Hein's report (hereinafter collectively referred to as defendants) moved for summary judgment. Supreme Court granted the motion and dismissed the amended complaint against them. This appeal by plaintiff ensued.

■ There should be an affirmance. At the outset, we reject plaintiff's assertion that the operation of the Center was a proprietary and not a governmental function *(see generally, Miller v State of New York,* 62 NY2d 506, 511-513). There is little difference between a municipality providing police protection and providing a communications center for the processing of emergency communications. In fact, the Center's procedures required that police officers be notified in cases of motor vehicle accidents or disabled vehicles. We conclude that the operation of the Center was a governmental function *(see, supra,* at 512; *De Long v County of Erie,* 60 NY2d 296, 302-304; *Helman v County of Warren,* 111 AD2d 560, *affd* 67 NY2d 799).

It is well settled that a municipality cannot be held liable for injuries resulting from negligence in the performance of a governmental function, including a failure to provide adequate police protection, absent a special relationship between the municipality and the injured party *(De Long v County of Erie, supra,* at 305; *Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 178). The elements of a special relationship are "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" *(Cuffy v City of New York,* 69 NY2d 255, 260).

■ In a cogent decision, Supreme Court determined that the absence of direct contact between decedents and defendants or their agents and the lack of actual reliance by decedents on any affirmative assurances by defendants were fatal to plaintiff's cause. We agree. Although the direct contact element has not always been rigidly applied, clearly there must be "some direct contact between agents of the municipality and the injured party" *(Sorichetti v City of New York,* 65 NY2d 461, 469 [the direct contact element was satisfied when a mother

initiated contact with the police to protect her child by reason of the close relationship of their interests]; *see, Cuffy v City of New York, supra; Helman v County of Warren,* 67 NY2d 799, *affg* 111 AD2d 560, *supra).* The requirement of direct contact serves to rationally limit the class of citizens to whom the municipality's special duty extends and is necessary to establish a special relationship beyond that which all citizens share with government *(see, Cuffy v City of New York, supra,* at 261).

Additionally, the injured party's detrimental reliance is critical in establishing the existence of a special relationship *(see, Yearwood v Town of Brighton,* 101 AD2d 498, 499, *affd* 64 NY2d 667), providing the essential link between the special duty assumed and the alleged injury. Indeed, central to the special duty exception is the unfairness perceived by courts in denying recovery "when a municipality's voluntary undertaking has lulled the injured party into a false sense of security and has thereby induced him either to relax his own vigilance or to forego other available avenues of protection" *(Cuffy v City of New York,* 69 NY2d 255, 261, *supra).* Moreover, reliance may be demonstrated by showing an implied agency relationship, but the agency relationship itself cannot be established by implication *(Helman v County of Warren,* 111 AD2d 560, 561-562, *supra).* In the instant case, the injured parties had no contact with the Center or with Hein. Hein was not aware that anyone was in the car, acted on her own initiative in contacting the Center and relied upon the assurances that she received. There was no reliance by Kathleen Bogart on any assurances by defendants as she had no contact with defendants. Nor was there an implied agency relationship with Hein, who had no contact with Kathleen Bogart.

In sum, because the essential elements of direct contact and detrimental reliance were absent, Supreme Court correctly found that no special relationship existed and, accordingly, properly dismissed the amended complaint against defendants.

CASEY, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Orders affirmed, without costs.