■ GILBERT LITCHHULT, as Administrator of the Estate of LARAE M. LITCHHULT, Deceased, Respondent, v WINOLD T. REISS et al., Defendants, and VALLEY CENTRAL SCHOOL DISTRICT, Respondent, and COUNTY OF ORANGE, Appellant. (And Two Other Related Actions.)—Harvey, J. Appeal (transferred

to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Miller, J.), entered February 12, 1991 in Orange County, which denied defendant County of Orange's motion, *inter alia,* to dismiss the complaints against it.

On November 16, 1989, at approximately 12:30 P.M., a wall collapsed in the cafeteria of the East Coldenham Elementary School in defendant Orange County (hereinafter the County) after it was struck by a tornado or high wind. Plaintiffs' decedents were among the 30 students killed or injured that day. Apparently, earlier that morning the County had received from the State Police Information Network a "tornado watch" weather statement issued by the National Weather Service. About 40 minutes before the storm struck, the County's emergency manager provided the County public information officer with a copy of the tornado watch report for dissemination to Emergency Broadcast System radio stations. For reasons unknown, however, the information officer failed to disseminate the information prior to the time the storm struck.

Subsequently, plaintiffs commenced these actions against several defendants, including the County. Liability against the County was asserted on the theory that, having enacted an emergency preparedness plan *(see,* Executive Law § 23) that provided for the direct notification of schools in emergencies, the County had a duty to inform the subject school of the issuance of a tornado watch by the National Weather Service. According to plaintiffs, the County's failure to so warn the school was an actionable breach of that duty. In lieu of an answer to these claims, the County thereafter served a motion to dismiss the complaints against it *(see,* CPLR 3211 [a] [7]). Supreme Court denied this motion and the County now appeals.

We reverse. In our view, the County correctly asserts that plaintiffs' complaints fail to state a cause of action against it. There is no disputing the principle that a county is generally immune from liability for acts involving the exercise of discretion which are "acts [which] involve the exercise of reasoned judgment which could typically produce different acceptable results" *(Tango v Tulevech,* 61 NY2d 34, 41; *see, e.g.,* Executive Law § 25 [5]). This is in contrast to ministerial acts, which envision "direct adherence to a governing rule or standard with a compulsory result" *(Tango v Tulevech, supra,* at 41) and can be the basis for a lawsuit. Although plaintiffs contend that the emergency preparedness plan prepared by the County

in this case does involve the employment of a ministerial act, an examination of the applicable provision of the plan refutes the claim by stating that schools (along with hospitals, nursing homes, major industries, etc.) will be notified "as conditions warrant". It is apparent that this language, on its face, conclusively demonstrates that the County's plan in this respect falls squarely within the definition of a discretionary act because it requires an analysis of a situation and a decision about whether notification is warranted. It should be noted that the National Weather Service had issued a weather statement denominated as a "tornado watch". A tornado watch differs from a tornado warning in this respect. A tornado watch is notification that the weather conditions are such that they conceivably could produce a tornado. A tornado warning is given when there is actual evidence of a tornado within the area involved. The County had to exercise its discretion in determining whether evacuation or other extreme measures would be taken in a similar manner as if a tornado warning had been issued. Accordingly, we find plaintiffs' contentions that the County acted ministerially unpersuasive.

Moreover, we reject the argument that an exception to the governmental immunity rule applies in this case. Notably, a political subdivision may be sued for acts involving the exercise of discretion when a special relationship exists between the political subdivision and the plaintiff *(see, Cuffy v City of New York,* 69 NY2d 255, 260; *Florence v Goldberg,* 44 NY2d 189, 195-196). Plaintiffs here argue that because the County's emergency preparedness plan mentions schools specifically, a special relationship was established. This contention lacks merit, however, because there is no suggestion in the plan's statement of purpose that special protection of plaintiffs' decedents individually or even schools generally was intended. Instead, the County's plan was obviously intended to facilitate local response to emergencies by way of prevention, mitigation and recovery. The provision relating to notification of schools appears to be simply one method of accomplishing these goals and there is no indication that schools and those who attend them were to be treated any differently from any other member of the public potentially affected *(see, Vitale v City of New York,* 60 NY2d 861, 863).

As for plaintiffs' argument that because the County attempted to notify the public through the Emergency Broadcast System it must be liable for its negligence in failing to complete the task undertaken, this claim too must fail. It

cannot be seriously disputed that the decision to notify the public was an immune exercise of discretion. Moreover, even if the County's decision to notify the public through the Emergency Broadcast System can be interpreted as constituting an assumption of a duty where none previously existed, the duty was not one to decedents or the school, but rather to the public as the intended beneficiaries of the emergency preparedness plan *(see, Florence v Goldberg,* 44 NY2d 189, *supra).* Consequently, we must find that Supreme Court erred in denying the County's motion to dismiss.

Weiss, P. J., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion by defendant County of Orange granted and complaints against it dismissed.