■ SHELDON DIESENHOUSE et al., Appellants, v TOWN OF WALLKILL, Respondent.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered March 6, 1991 in Orange County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs are the owners of a subdivision lot located in the Town of Wallkill, Orange County. In August 1988, the Planning Board of defendant granted approval of said subdivision, apparently conditional upon the developer's posting of a performance bond or other acceptable security to guarantee the completion of improvements. On September 20, 1988, the developer furnished certain letters of credit which were valid for a period of one year. Plaintiffs purchased their subdivision property in October 1988. The letters of credit expired on September 20, 1989 without the improvements being made and, shortly thereafter, the developer declared bankruptcy.

Plaintiffs then commenced this action alleging, *inter alia,* that defendant was negligent in permitting the letters of credit to expire with the improvements remaining incomplete and that such negligence resulted in their inability to obtain a building permit. Following joinder of issue, plaintiffs moved for partial summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and granted defendant's cross motion. This appeal ensued.

Plaintiffs' main contention on this appeal is that defendant, by its conduct in requiring the developer to post letters of credit as security for the completion of the necessary improvements in lieu of actual completion of the improvements *(see,* Town Law § 277 [1]), assumed a special duty to them, as prospective owners of subdivision property, not to permit the letters of credit to expire with the improvements remaining incomplete. We disagree. It is firmly established that a municipality cannot be held liable for negligence in the performance of a governmental function unless a special relationship existed between the municipality and the injured party *(see, De Long v County of Erie,* 60 NY2d 296, 304; *Garrett v Holiday Inns,* 58 NY2d 253, 261; *Florence v Goldberg,* 44 NY2d 189, 195-196). The elements of a special relationship, as set forth by the Court of Appeals in *Cuffy v City of New York* (69 NY2d 255, 260), are as follows: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking". Here, plaintiffs have failed to demonstrate the existence of a special relationship on which a duty may be predicated.

On this record, there are no facts indicating that defendant, by its conduct, undertook a duty on plaintiffs' behalf to ensure completion of the necessary improvements prior to expiration of the letters of credit *(see, O'Brien v Carven Assocs.,* 146 AD2d 614, 616, *lv denied* 74 NY2d 612). Moreover, there is no evidence that either plaintiff had any form of direct contact with or received direct assurances from any of defendant's agents or representatives regarding the posting of security by the developer *(see, Kircher v City of Jamestown,* 74 NY2d 251, 257-258; *Helman v County of Warren,* 67 NY2d 799, 801, *affg* 111 AD2d 560). While recognizing that the direct contact requirement has not been applied in an "overly rigid manner" *(Cuffy v City of New York, supra,* at 261; *see, Sorichetti v City of New York,* 65 NY2d 461, 469; *Bogart v Town of New Paltz,* 145 AD2d 110, 112-113, *lv denied* 74 NY2d 608), we are unpersuaded by plaintiffs' claim that the direct contact between defendant and the developer should be deemed to have run to them. To hold otherwise would undermine the purpose of the special duty rule to rationally limit the class of citizens to whom the municipality's special duty extends *(see, Kircher*

*v City of Jamestown, supra,* at 258; *Cuffy v City of New York, supra).*

We have considered plaintiffs' remaining arguments, including their contention that defendant's inaction with respect to the letters of credit resulted in a "de facto" taking of their property without just compensation, and find them to be without merit. Accordingly, Supreme Court's grant of summary judgment in defendant's favor should be affirmed.

Weiss, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.