■ VICTOR A. PERRY, JR., Respondent, v BOARD OF EDUCATION, GOUVERNEUR CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendants.—Mercure, J. Appeal from that part of an order of the Supreme Court (Duskas, J.), entered September 16, 1991 in St. Lawrence County, which denied defendant Board of Education, Gouverneur Central School District's motion for summary judgment dismissing the complaint and cross claim against it.

On December 19, 1987 plaintiff, a referee, officiated several matches during a wrestling tournament held at Gouverneur Central School in St. Lawrence County. After watching a match that his son lost, defendant Thomas Lynch physically assaulted plaintiff, allegedly causing serious personal injuries. Thereafter, plaintiff brought this personal injury action against defendants Board of Education, Gouverneur Central School District (hereinafter the Board), Michael Derrigo, the high school principal, Ronald Woodruff, the athletic director (hereinafter collectively referred to as defendants) and Lynch. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint and cross claim as to them.

Supreme Court found, *inter alia,* that the Board's adoption of the "Section 10 Public High School Athletic Association Rules" (hereinafter the Handbook) created questions of fact as

to whether the Board assumed a special duty toward officials, students or spectators and that the alleged negligence of Derrigo and Woodruff took place within the scope of their duties as employees of the Board. Accordingly, an order was entered denying the motion for summary judgment as to the Board and granting the motion and dismissing the complaint and Lynch's cross claim against Derrigo and Woodruff. The Board appeals from that part of the order which denied its motion for summary judgment.

Plaintiff recognizes, as he must, that public entities are immune from tort claims arising out of the performance of their governmental functions, including the provision of security against physical attack "unless the injured party establishes a special relationship with the entity, which creates a specific duty to protect that individual, and the individual justifiably relies upon the performance of that duty" *(Sostre v City of New York Hous. Auth.,* 150 AD2d 766; *see, Bonner v City of New York,* 73 NY2d 930, 932; *Cuffy v City of New York,* 69 NY2d 255, 260; *Marilyn S. v City of New York,* 134 AD2d 583, 584-585, *affd on mem below* 73 NY2d 910). It is his contention, however, that a special relationship was created between him and the Board as a result of the Board's adoption of the Handbook. We disagree.

To invoke the "special duty" exception to the rule that a public entity is not liable for the negligent performance of its governmental functions, "a plaintiff must establish that, through affirmative acts, the municipality has lulled him or her into foregoing other available avenues of protection or that it has voluntarily assumed a duty separate from that which is owed to the public generally" *(Bishop v Bostick,* 141 AD2d 487, 488). The Handbook delineates several "preparations and guidelines * * * made in order to improve safety and control of *students* and *spectators"* (emphasis supplied). Even viewing "spectators" broadly to include officials, the Handbook does not support a finding that plaintiff was to be treated differently than students, school district personnel and members of the public who were present for the tournament *(see, Vitale v City of New York,* 60 NY2d 861, 863; *Litchhult v Reiss,* 183 AD2d 1067, 1069, *lv dismissed, lv denied* 81 NY2d 737; *Bisignano v City of New York,* 136 AD2d 671; *Isaksson v Rulffes,* 135 AD2d 611, 612-613; *Weinstein v Board of Educ.,* 127 AD2d 655, 656). Moreover, plaintiff was assigned to officiate at the tournament by representatives of Section 10 and there is no evidence in the record that plaintiff had direct

contact with the Board or received assurances from the Board regarding the extent of security *(see, Diesenhouse v Town of Wallkill,* 184 AD2d 966). Thus, plaintiff has failed to establish the existence of a special relationship, as a matter of law, and the Board's motion should have been granted.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Board of Education, Gouverneur Central School District's motion; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.