■ ARTHUR J. LOFTUS, Appellant, v TIMOTHY GERO et al., Respondents. [724 NYS2d 547] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 31, 2000 in Schenectady County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff is the owner of certain real property located on Putnam Road in the Town of Rotterdam, Schenectady County. The property in question is located across the road from parcels owned by defendants Timothy Gero and Carmen Gero and defendants George D. Savarese and Rosemary Savarese, respectively. Insofar as is relevant to this appeal, it appears that a small drainage ditch runs along Putnam Road to collect excess water from various parcels, including those owned by the Geros and Savareses. This ditch, in turn, flows into a culvert, which passes under Putnam Road and discharges onto plaintiff's land. The ditch, culvert and road are all owned and maintained by defendant County of Schenectady.

In or about 1986, plaintiff began to suspect that sewage was being discharged onto his property. Plaintiff initially spoke with an official of defendant Town of Rotterdam but, when a satisfactory reply to his inquiry was not forthcoming, plaintiff sought assistance from the County. Beginning in May 1996, various inspections of and tests relating to the drainage ditch, culvert and the Gero and Savarese parcels were performed. As a result, the Geros and Savareses were advised that the water found in the drainage ditch contained high levels of fecal coliform, indicating either a faulty septic system on or an illegal discharge of effluent from their respective properties. In response, the Geros and Savareses performed various remedial measures, which the County subsequently approved.

In the interim, plaintiff commenced this action setting forth causes of action sounding in trespass and negligence and seeking, *inter alia*, monetary compensation for his personal injuries and property damage. Following joinder of issue and discovery,

defendants filed their respective motions for summary judgment dismissing the complaint. Supreme Court granted the motions as to the Town and the County, finding that the record failed to establish the existence of a "special relationship" between plaintiff and the municipal entities. As to the Geros and Savareses, Supreme Court again granted the requested relief, finding that plaintiff failed to establish that such defendants had actual or constructive notice of the contamination prior to June 1997—the point in time that the County concluded that such parcels indeed were the source of the problem. This appeal by plaintiff ensued.

We affirm. Turning first to the Town's motion for summary judgment dismissing the complaint, it is well settled that "a municipality cannot be held liable for negligence in the performance of a governmental function * * * unless a special relationship exist[s] between the municipality and the injured party" (*De Long v County of Erie*, 60 NY2d 296, 304; *see*, *McEnaney v State of New York*, 267 AD2d 748, 749-750). The elements of a special relationship are (1) the assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party, (2) knowledge that inaction could lead to harm, (3) some type of direct contact between the municipality's agents and the injured party, and (4) the injured party's justifiable reliance upon the municipality's affirmative undertaking (*see*, *Grieshaber v City of Albany*, 279 AD2d 232, 234; *Rekemeyer v Cerone*, 252 AD2d 22, 25).

Plaintiff asserts that such a relationship exists here by virtue of the fact that the Town adopted various regulations governing the operation and maintenance of privately owned septic systems and, hence, voluntarily assumed the duty of "policing" such systems. We cannot agree. As the Town correctly points out, any laws adopted by it with respect to the operation and maintenance of private septic systems were adopted for the benefit of the public at large, not just a neighboring property owner such as plaintiff. Moreover, even accepting that plaintiff could somehow satisfy the first three prongs of the special relationship test, his own examination before trial testimony makes plain that he cannot establish "justifiable reliance," which requires a showing that he was lulled into foregoing other available avenues of relief (*see*, *Perry v Board of Educ.*, 189 AD2d 939, 940).

Plaintiff testified that after making two or three attempts to pursue this matter with the Town, he abandoned his efforts in that regard and turned to the County for assistance. The record further reflects that plaintiff ultimately hired his own

engineer to conduct various tests and an attorney to pursue legal action. That being the case, it can hardly be said that the Town's alleged assurance that the problem would "be looked into" lulled plaintiff into inaction. Accordingly, Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint.

We reach a similar conclusion with regard to the motion brought by the County. Although plaintiff points to a number of activities undertaken by the County. with respect to the contamination of plaintiff's land, we are of the view that the County's efforts in this regard constitute nothing more than an attempt to investigate and abate a public health hazard. Stated another way, the activities performed by the County were not undertaken for plaintiff's exclusive benefit but, rather, were done in furtherance of its duty to protect the public health in general and, as such, do not afford plaintiff a basis for relief (see, *Lauer v City of New York*, 95 NY2d 95, 100-101; *Perry v Board of Educ.*, *supra*, at 940). Moreover, the record reflects that, as with the Town, the County's efforts to ameliorate the contamination problem did not stop plaintiff from admittedly pursuing additional avenues of relief.

Finally, as to the motions brought by the Geros and the Savareses, the case law makes clear that where, as here, a plaintiff alleges that his or her property was polluted through the negligence of another, it must be shown that the defendant "failed to exercise due care in conducting the allegedly polluting activity or in installing the allegedly polluting device, and that he or she knew or should have known that such conduct could result in * * * contamination" (*Fetter v DeCamp*, 195 AD2d 771, 773; *see*, *Strand v Neglia*, 232 AD2d 907, *lv dismissed* 89 NY2d 1086). As a starting point, plaintiff concedes, and the record reflects, that plaintiff never spoke with the Geros or the Savareses regarding his suspicions that their respective septic systems were contaminating his property. The record further indicates that although the Geros and the Savareses were notified in May 1996 that a small pipe located between their parcels was discharging into the County's draining ditch and had to be removed (and it promptly was), it was not until June 1997 that such parties were definitively notified that their respective septic systems were the source of the contamination. Once so notified, the Geros and the Savareses cooperated with the County to promptly perform the necessary remedial measures. Under such circumstances, plaintiff failed to raise a question of fact as to actual or constructive notice and, as such, the Geros' and the Savareses' respective motions

for summary judgment dismissing the complaint were properly granted. Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.