■ PETER W. SLUYS et al., Appellants, v CHARLES HOLBROOK et al., Respondents, et al., Defendants. [739 NYS2d 173] —In an action, inter alia, to enjoin the defendants from paying any sums for the repair of certain property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Dillon, J.), dated December 5, 2000, as, sua sponte, granted partial summary judgment in favor of the municipal defendants and dismissed their causes of action against those defendants seeking reimbursement of moneys paid to certain contractors for emergency work performed at Mountain Shadows Condominium from September 16, 1999, through September 21, 1999.

Ordered that the notice of appeal from so much of the order as, sua sponte, granted summary judgment in favor of the municipal defendants, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see*, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

An order granting relief sua sponte does not decide a motion made on notice, and to that extent the order is appealable only by permission (*see*, CPLR 5701 [a] [2]; [c]). Under the circumstances of the case, we exercise our discretion and grant leave to appeal from that portion of the order which, sua sponte, granted summary judgment to the municipal defendants and dismissed the plaintiffs' causes of action to recover certain funds expended between September 16, 1999, and September 21, 1999, insofar as asserted against those defendants.

On September 16, 1999, at 6:00 P.M., the Town Supervisor of the Town of Clarkstown, Rockland County, pursuant to Executive Law §§ 24 and 25, declared a local state of emergency as a result of the conditions caused by Hurricane Floyd. During the five-day period of the declared state of emergency, acting under the emergency powers granted to them under the Executive Law, the Town Supervisor and the Town Board ordered that certain work be performed to stabilize a slope behind the Mountain Shadows Condominium. The plaintiffs contend that these actions constituted an unconstitutional exercise of authority in violation of section 1 of article VIII of the New York State Constitution. They argue that once any imminent threat to the homeowners had ceased, i.e., after they were evacuated and the hurricane had passed, efforts to stabilize the slope were no longer permissible, since it no longer posed an imminent threat. We find no merit to the plaintiffs' contentions. The decision of the Town Supervisor and Town Board to stabilize the slope in the immediate aftermath of the storm was a proper exercise of discretion which enjoys immunity from liability and should not be subject to second guessing (*see*, Executive Law § 25 [5]; *Litchhult v Reiss*, 183 AD2d 1067, 1068). S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.