Scozzafava v State of New York (2019 NY Slip Op 05618)





Scozzafava v State of New York


2019 NY Slip Op 05618


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

528120

[*1]THOMAS W. SCOZZAFAVA et al., Appellants,
v
STATE OF NEW YORK et al., Respondents.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


DeGraff, Foy & Kunz, LLP, Albany (George J. Szary of counsel), for appellants.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Court of Claims (McCarthy, J.), entered July 30, 2018, which partially granted defendants' motion for summary judgment dismissing the claim.
On July 24, 2015, defendant New York State Thruway Authority (hereinafter NYSTA) received a report that a couch was in one of the westbound lanes of the New York State Thruway near milepost 188 in the Town of Root, Montgomery County. A NYSTA radio dispatcher thereafter contacted the Amsterdam maintenance facility in Montgomery County to remove the couch, but, before a maintenance crew arrived at the scene, claimant Thomas W. Scozzafava, who was driving westbound on the Thruway in a yellow 2016 International Harvester box truck, struck the couch, causing the truck to roll over onto its side and hit a guardrail, injuring claimant. Scozzafava and his wife, derivatively, thereafter filed this claim, alleging that defendants were negligent in unreasonably delaying the dispatch of maintenance personnel to the scene and failing to also dispatch the State Police to the initial call. Following joinder of issue, defendants moved for summary judgment contending, among other things, that defendants are immune from liability because, at the time of the claimed negligence, defendants were engaged in traffic control, a classic governmental function, and claimants otherwise failed to establish the existence of a special duty or relationship. The Court of Claims partially granted defendants' motion, finding that, although a question of fact existed with respect to the adequacy of defendants' response time to the presence of the couch on the Thruway, defendants sustained their burden of establishing that any alleged failure to promptly notify the State Police involved conduct constituting a governmental function and they were, therefore, immune from liability. Claimants appeal, and we affirm, albeit on slightly different grounds.
Claimants contend that the Court of Claims erred when it determined that defendants established their entitlement to summary judgment on their governmental immunity defense because, at the time the claimed negligence occurred, NYSTA's radio dispatchers were engaged in a quintessentially proprietary function — i.e., road maintenance — as opposed to a governmental function or capacity. We disagree. Where, as here, a negligence claim is asserted against a governmental agency, the threshold issue to be determined by the court "'is whether the [*2][governmental agency] was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Turturro v City of New York, 28 NY3d 469, 477 [2016], quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). If a governmental agency's actions constitute a proprietary function, it is subject to liability under ordinary rules of negligence (see Wittorf v City of New York, 23 NY3d 473, 479 [2014]). In contrast, where "a claim arises out of performance of acts undertaken for the protection and safety of the public pursuant to the general police powers, which is a quintessential governmental function, the governmental actors involved are immune from a negligence claim unless the injured person establishes a special relationship with the governmental [agency]" (Feeney v County of Delaware, 150 AD3d 1355, 1357 [2017] [internal quotation markets, brackets and citations omitted]; see Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 178 [1982]). Importantly, to determine whether a governmental agency is acting in a proprietary function or a governmental capacity requires an examination of "the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" (Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447 [2011] [internal quotation marks and citation omitted], cert denied 568 US 817 [2012]).
The facts regarding the underlying accident are not in dispute. On July 24, 2015 at 1:36:48 p.m., a NYSTA radio dispatcher in the Syracuse area received a report that there was a couch in the westbound lanes of the Thruway near milepost 188. At 1:37:07 p.m., this report was transferred to a NYSTA dispatch station in the City of Albany. At 1:39:35 p.m., an Albany dispatcher contacted the Amsterdam maintenance facility to assign a maintenance crew to respond to the scene. At 1:46:48 p.m., radio dispatchers received a report regarding Scozzafava's accident and, at 1:47:20 p.m., the State Police were dispatched to the scene. The maintenance crew arrived at the accident scene at 1:47:46 p.m., followed by the State Police at 2:01:02 p.m.
Claimants assert that the failure to dispatch State Police to the initial call was integral solely to the proprietary function of removing debris and maintaining the roadway in a reasonably safe condition such that no governmental immunity should attach (see Wittorf v City of New York, 23 NY3d at 479). However, the gravamen of the subject claim is essentially that Scozzafava's injuries were caused by the improper allocation of police resources pursuant to the exercise of defendants' general police powers. Notably, it is the conduct of defendants' radio dispatchers, not the actions of the State Police, that claimants are challenging. Although defendants' radio dispatchers perform varied functions that may appropriately be characterized as interspersing both proprietary and governmental functions,[FN1] the primary capacity in which they were engaged on the afternoon of July 24, 2015 involved the assignment of resources to deal with a reported foreign object on the Thruway that posed an immediate risk to the health and safety of the public. It is irrelevant, therefore, whether the State Police ever actually engaged in traffic control on the afternoon in question, as the conduct of dispatching — or failing to dispatch — the State Police is an inseparable component of providing the very police resources that claimants' assert should have been dispatched in the first instance (see Bogart v Town of New Paltz, 145 AD2d 110, 112 [1989], lv denied 74 NY2d 608 [1989]). Accordingly, under the circumstances, we find that the provision of dispatching services by NYSTA radio dispatchers constituted a quintessential governmental function that entitles defendants to immunity from liability for any negligence that may have resulted from the dispatchers' actions and/or failure to act (see Applewhite v Accuhealth, Inc., 21 NY3d at 423-424; Matter of World Trade Ctr. Bombing Litig., 17 NY3d at 447, 454-455; Bogart v Town of New Paltz, 145 AD2d at 112; see also Laratro v City of New York, 8 NY3d 79, 81-82 [2006]; Dixon v City of New York, 120 AD3d 751, 753 [2014], lv denied 26 NY3d 913 [2015]; DiMeo v Rotterdam Emergency Med. Servs., Inc., 110 AD3d 1423, 1424-1425 [2013], lv denied 22 NY3d 864 [2014]; Sherpa v New [*3]York City Health & Hosps. Corp., 90 AD3d 738, 739-740 [2011]; compare Wittorf v City of New York, 23 NY3d at 479).[FN2]
Given our holding, and in light of claimants' failure to allege the existence of any special duty or relationship owed to Scozzafava, we need not address their remaining contention with respect to whether the failure to initially dispatch the State Police was a ministerial versus a discretionary function (see Valdez v City of New York, 18 NY3d 69, 75 [2011]; McClean v City of New York, 12 NY3d 194, 203 [2009]; Drever v State of New York, 134 AD3d 19, 25 [2015]; Lewis v State of New York, 68 AD3d 1513, 1514 [2009]).
Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Radio dispatchers employed by NYSTA handle communications for both the State Police and Thruway maintenance crews.

Footnote 2: The Court of Appeals has recognized that "[p]rotecting health and safety is one of . . . government's most important duties. Since [governmental agencies] are run by human beings, they sometimes fail in that duty, with harmful, even catastrophic, consequences. When that happens, as a general rule, the [governmental agency] is not required to pay damages to the person injured. The rationale for this rule is that the cost to [governmental agencies] of allowing recovery would be excessive; the threat of liability might deter or paralyze useful activity; and thus the net result of allowing recovery would be to make . . . governments less, not more, effective in protecting their citizens" (Laratro v City of New York, 8 NY3d 79, 81-82 [2006]; see Applewhite v Accuhealth, Inc., 21 NY3d at 427).